IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,192-03






EX PARTE RICHARD AARON COBB









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 15054 IN THE 2ND JUDICIAL DISTRICT COURT

CHEROKEE COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In January 2004, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Cobb v.
State, No. AP-74,875 (Tex. Crim. App. Jan. 31, 2007)(not designated for publication). 

 Applicant filed his initial post-conviction application for writ of habeas corpus in
the convicting court on May 11, 2006. This Court denied applicant relief. Ex parte
Cobb, Nos. WR-68,192-01 and WR-68,192-02 (Tex. Crim. App. Dec. 5, 2007)(not
designated for publication). Applicant filed his first subsequent writ application in the
trial court on April 13, 2007. This Court dismissed that application in the same order. Id. 
Applicant filed this his second subsequent writ application in the trial court on April 17,
2013.

 In his application, applicant asserts that the State violated his constitutional rights
by presenting false and misleading testimony on a crucial issue. Applicant asserts that his
claim meets the requirements of Article 11.071 § 5(a)(1) because Estrada v. State, 313
S.W.3d 274 (Tex. Crim. App. 2010), provides a new legal basis for his claim. He also
asserts that his claim meets the requirements of Article 11.071 § 5(a)(3) because, by clear
and convincing evidence, but for this constitutional violation, no rational juror would
have answered in the State's favor one or more of the special issues. After reviewing the
application, this Court has determined that applicant has failed to meet the dictates of
Article 11.071, § 5. Accordingly, we dismiss the application as an abuse of the writ
without considering the merits of the claim. 

 IT IS SO ORDERED THIS THE 19th DAY OF APRIL, 2013.

Do Not Publish